IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AMBERLI SINANI,<br>    *Petitioner*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    *Respondent*. | Crim. No. ELH-16-00119 |

**MEMORANDUM**

Defendant Amberli Sinani was one of eleven defendants charged in a multi-count Indictment filed on March 24, 2016. ECF 11. He was named in Count One, charging conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. *See* ECF 76. Sinani was the only defendant who proceeded to trial.[1] Following a trial by jury, defendant was convicted. ECF 265. The Court imposed a sentence of 125 months of imprisonment.

On July 29, 2021, the Court issued a Memorandum Opinion and Order (ECF 451, ECF 452), denying various motions filed by defendant. Thereafter, defendant moved to alter or amend. ECF 456. The government did not respond, and the motion is pending. Then, on April 1, 2024, defendant filed a "Motion For Clerk's Default." ECF 493. And, on April 9, 2024, he filed a motion titled "Motion For Default Judgment." ECF 494. The Court asked the government to respond. ECF 495. The government filed a combined opposition to the motions. ECF 496.

No hearing is necessary to resolve the motions. Local Rule 105.6. For the reasons that follow, I shall deny ECF 456 and deny and/or dismiss ECF 493 and ECF 494.

---

[1] One defendant was at large at the relevant time.

### I.     Background

Mr. Sinani proceeded to a seven-day trial by jury that commenced on January 23, 2017. ECF 251. At the trial, several codefendants testified for the government and implicated the defendant in the drug conspiracy. The government also introduced into evidence text messages as well as intercepted, recorded telephone conversations that implicated the defendant. In addition, Sinani testified in his own behalf. The evidence of guilt was quite substantial and, on February 2, 2017, after deliberating for about ten to fifteen minutes, the jury returned a verdict of guilty. *See* ECF 265 (Verdict); ECF 377 (Sentencing transcript), at 8.

Sentencing was held on April 13, 2017. ECF 335. Notably, the offense carried a congressionally mandated minimum term of imprisonment of 120 months and a maximum term of life imprisonment. 21 U.S.C. § 841(a)(1), (b)(1)(A). Pursuant to the U.S. Sentencing Guidelines ("Guidelines" or "U.S.S.G."), the Guidelines called for a period of incarceration ranging from 121 to 151 months. *See* ECF 343 (Statement of Reasons), at 1. The government sought a prison sentence of 144 months (12 years). ECF 377 at 19. But, the Court imposed a sentence of 125 months of incarceration. ECF 342.

Mr. Sinani timely noted an appeal to the Fourth Circuit. ECF 339. On February 7, 2018, the Fourth Circuit affirmed the conviction and the sentence. ECF 392; *see United States v. Sinani*, 710 Fed. App'x 601 (4th Cir. 2018) (per curiam). The Mandate issued on March 1, 2018. ECF 393.

Mr. Sinani subsequently filed a post-conviction petition under 28 U.S.C. § 2255. ECF 397 (the "Petition"). He also filed a motion for sentence reduction. ECF 395 ("Sentence Reduction Motion"). By Memorandum Opinion and Order of July 1, 2019 (ECF 418, ECF 419), I denied both the Petition and the Sentence Reduction Motion.

On September 10, 2020, Mr. Sinani filed a motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF 426. That motion, and others, were denied by Memorandum Opinion and Order of July 29, 2021. ECF 451, ECF 452. On August 10, 2021, Mr. Sinani filed a "Motion To Alter Or Amend Erroneous Order Or Judgment [451] [452]." ECF 456 ("Motion to Alter or Amend"). There, he characterized my rulings in ECF 451 and ECF 452 as erroneous and contrary to law. *Id.* As noted, the government did not respond to ECF 456.

Mr. Sinani has filed numerous motions. Some of them were addressed in ECF 451 and ECF 452.

In particular, on May 10, 2021, Mr. Sinani moved to dismiss the Indictment. ECF 443. In ECF 443, Sinani claimed, curiously, that "he was never legally indicted by a Grand Jury in this instant case" and therefore the Court did not have subject matter jurisdiction to convict him. *Id.* at 1. Further, he posited that the "conviction is illegal" and violates "his Constitutionally protected civil right[s]." *Id.* at 2.

On March 23, 2021, defendant filed a motion seeking legal documents from his trial lawyer. ECF 437. And, he filed an "Emergency Motion For Bond Pending Motion To Dismiss Judgment [Nunc] [Pro] [Tunc]" on May 10, 2021 (ECF 444), as well as a "Motion For Default Judgment" on May 24, 2021. ECF 447. Then, he filed a supplement on June 7, 2021. ECF 448. On the same date, he filed a "Motion For Clerk's Default." ECF 450.[2]

Of relevance here, the government did not respond to defendant's Motion to Alter or Amend (ECF 456). Almost three years later, on April 1, 2024, defendant filed a "Motion For Clerk's Default." ECF 493. Then, on April 9, 2024, he filed his "Motion For Default Judgment."

---

[2] Defendant has also filed a renewed motion for compassionate release. ECF 472; *see* ECF 476. This Memorandum does not address that motion.

ECF 494. Mr. Sinani claims that "default is warranted" because the government "failed to defend against" the motion to alter or amend, nor has the government "provide[d] any proof of a legal indictment within the time allotted." ECF 493 at 1; *see also* ECF 494.

The Court directed the government to respond to ECF 439 and ECF 494. *See* ECF 495. The government's opposition is docketed at ECF 496. Mr. Sinani did not reply.

As mentioned, I issued ECF 451 and ECF 452 on July 29, 2021. In addition to addressing defendant's compassionate release motion (ECF 426), I resolved ECF 437, ECF 443, ECF 444, ECF 447, and ECF 450. The Court said, in part, ECF 451 at 18:

> The Motion to Dismiss [*i.e.*, ECF 443] is little more than a blatant effort at an end run around the rule barring unauthorized, successive motions under 28 U.S.C. § 2255. Sinani has not requested permission from the United States Court of Appeals for the Fourth Circuit to file a successive post conviction motion under 28 U.S.C. § 2255, as required by § 2255(h).
>
> Ordinarily, a federal defendant must bring a collateral attack on the legality of his conviction or sentence through a motion to vacate under 28 U.S.C. § 2255. Although Sinani labels the instant filing as a Motion to Dismiss, the label is not determinative; it is the substance that controls. The Motion to Dismiss is properly characterized as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See Swain v. Pressley*, 430 U.S. 377-78 (1977); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).
>
> In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2255, Congress imposed "stringent limitation[s] on a federal prisoner's ability to bring a 'second or successive' post-conviction motion pursuant to § 2255." *United States v. Emanuel*, 288 F.3d 644, 647 (4th Cir. 2002). First, AEDPA requires that a successive § 2255 motion "must be certified...by a panel of the appropriate court of appeals..." 28 U.S.C. § 2255(h); *see also United States v. Poole*, 531 F.3d 263, 266 n.4 (4th Cir. 2008). Second, the court of appeals may only certify a successive § 2255 motion if the petitioner (1) has newly discovered evidence or (2) relies "on a new rule of constitutional law that the Supreme Court has made retroactively applicable to collateral proceedings." *Emmanuel*, 288 F.3d at 647; *see also* 28 U.S.C. § 2255(h).
>
> As indicated, under 28 U.S.C. § 2255(h), the United States Court of Appeals for the Fourth Circuit must certify Sinani's entitlement to file a successive petition under 28 U.S.C. § 2255. Section 225(h) states:

> A second or successive motion must be certified as provided in § 2244 by a panel of the appropriate Court of Appeals to contain – (1) newly discovered evidence that, if proven in view of in light of the evidence as a whole, would be sufficient to establish a clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

As noted, Sinani was previously denied relief under § 2255. Accordingly, before this Court may examine a successive motion on the merits, the Fourth Circuit must enter an order authorizing consideration of the successive petition. *See* § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996). It is clear that he cannot satisfy the threshold requirements of § 2255(h)(2) for a successive § 2255 motion because he has not obtained authorization from the Fourth Circuit for the filing of a successive petition. Without the requisite pre-filing authorization, "the district court lacks jurisdiction to consider a [successive] application..." *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003); *see Evans v. Smith*, 220 F.3d 206, 325 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194-95 (4th Cir. 1997).

Even if the Court were able to consider the merits, however, Sinani would not prevail. His claims are specious.

Sinani's effort to manufacture flaws in his indictment and conviction do not undercut the overwhelming evidence in favor of conviction. The convictions and sentence followed pretrial and trial proceedings that were entirely fair.

Therefore, I shall deny the Motion to Dismiss. And, because the Motion for Bond (ECF 444), Motion for Default Judgment (ECF 447), and Motion for Clerk's Default (ECF 450) are predicated on the viability of the Motion to Dismiss, I shall also deny those motions.

## II.     Discussion

For starters, the government was not required to respond to ECF 456. In any event, the failure of the government to respond does not create a basis for default. *See*, *e.g.*, *United States v. Manriques*, 10CR440, 2013 WL 5592191 (M.D.N.C. Oct. 10, 2013)(declining to apply default judgment to Section 2255 proceedings); *United States v. Scantland*, 2:04-CR-80773, 2010 WL 6571943, *4 (E.D. Mich. Dec. 7, 2010) ("Unlike an ordinary civil case, a habeas corpus proceeding implicates interests beyond those of the parties, and thus default judgment is inappropriate.");

5

*Thompson v. United States*, No. 6:09cv410, 2010 WL 3782028, at *4 (E.D. Tex. Aug. 23, 2010) ("A default judgment is inappropriate even when the Government inexcusably disregards a district court's orders to respond . . . . To hold otherwise would improperly place the burden of default on the community at large." (internal citation omitted), recommendation adopted, 2010 WL 3782019 (E.D. Tex. Sept. 20, 2010); *Mooney v. United States*, 3:08-3652-PMD-JRM, 2009 WL 2929335, at *4 (D.S.C. Aug. 12, 2009) ("[C]ourts do not enter default judgments in favor of habeas petitioners without reaching the merits of the claim as a matter of policy due to the risk of releasing prisoners who have been duly convicted and the costs involved with retrial."); *United States v. Demelio*, Cr. No. 05-15, 2009 WL 145949, *1 (W.D. Pa. Jan. 21, 2009) ("There is no provision in the Rules Governing Section 2255 Proceedings for default judgments against respondents for missing response deadlines, and given the sui generis nature of such proceedings and the public interest involved in section 2255 cases, it would be improper to enter default judgment in favor of a state or federal prisoner based on a missed deadline, especially . . . where [the] petitioner has not been prejudiced . . . ").

Moreover, the motions are without merit. For example, defendant asserts in ECF 443 and ECF 493 that there was no Indictment in the case. The assertion is specious. *See* Docket.

As the government puts it, many of the defendant's submissions are a "re-tread" of earlier arguments considered and rejected by the Court. ECF 496 at 3. To the extent that defendant challenges the validity of his conviction, the filing constitutes a successive § 2255 motion, for which prefiling authorization from the Fourth Circuit is required. This Court lacks jurisdiction to consider a successive § 2255 motion without such authorization. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h).

If defendant seeks to pursue a collateral attack on his conviction, he must first obtain authorization from the Fourth Circuit.

### III.   Conclusion

For the reasons set forth above, the Court shall deny ECF 456.  And, the Court shall deny and/or dismiss ECF 493 and ECF 494.

An Order follows.


Date:   August 7, 2024                              /s/
                                        Ellen L. Hollander
                                        United States District Judge